Citation Nr: 1438777 
Decision Date: 08/29/14 Archive Date: 09/03/14

DOCKET NO. 10-06 304 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in St. Paul, Minnesota


THE ISSUES

1. Entitlement to service connection for a left wrist disability.

2. Entitlement to service connection for a right elbow disability, to include as secondary to a right wrist disability.


REPRESENTATION

Appellant represented by: Veterans of Foreign Wars of the United States


WITNESS AT HEARING ON APPEAL

Veteran




ATTORNEY FOR THE BOARD

J. Dworkin, Associate Counsel


INTRODUCTION

The Veteran had active service from January 2000 to May 2000, from August 2003 to April 2004, and from October 2005 to July 2007.

These matters come to the Board of Veterans' Appeals (Board) on appeal from November 2008 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in St. Paul, Minnesota. 

In June 2013, the Veteran and representative appeared by videoconference before the undersigned Veterans Law Judge. A transcript of that hearing is of record.

In October 2013, the Board remanded this appeal for additional development. The Board finds substantial compliance with the requested development. Dyment v. West, 13 Vet. App. 141 (1999); Stegall v. West, 11 Vet. App. 268 (1998).
After a VA examination and additional development were completed, the Veteran's claim for entitlement to service connection for a right wrist disability was granted in a March 2014 rating decision and thus, is no longer on appeal. AB v. Brown, 6 Vet. App. 35 (1993).

The issue of entitlement to service connection for a right elbow disability is REMANDED to the Agency of Original Jurisdiction.


FINDING OF FACT

The Veteran does not have a left wrist disability that is attributable to active service.


CONCLUSION OF LAW

The Veteran's does not have a left wrist disability that is the result an injury incurred in or aggravated during active service. 38 U.S.C.A. §§ 1110, 5107 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.304 (2013).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Upon receipt of a substantially complete application, VA must notify the claimant and any representative of any information, medical evidence, or lay evidence not previously provided to VA that is necessary to substantiate the claim. The notice must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. 38 U.S.C.A. §§ 5103, 5103A, 5107 (West 2002 & Supp. 2013); 38 C.F.R. § 3.159 (2013); Pelegrini v. Principi, 18 Vet. App. 112 (2004). If VA does not provide adequate notice of any of element necessary to substantiate the claim, or there is any deficiency in the timing of the notice, the burden is on the claimant to show that prejudice resulted from a notice error. Shinseki v. Sanders, 129 S.Ct. 1696 (2009).

The Board finds that any defect with regard to the timing or content of the notice to the appellant is harmless because of the thorough and informative notices provided throughout the adjudication and because the appellant had a meaningful opportunity to participate effectively in the processing of the claim with an adjudication of the claim by the RO subsequent to receipt of the required notice. The record does not show prejudice to the appellant, and the Board finds that any defect in the timing or content of the notices has not affected the fairness of the adjudication. Mayfield v. Nicholson, 19 Vet. App. 103 (2005); Dingess v. Nicholson, 19 Vet. App. 473 (2006). Specifically, the Veteran was notified in letters dated October 2008, December 2008, May 2012, and July 2012.
 
The Veteran has neither alleged nor demonstrated any prejudice with regard to the content or timing of the notice provided. Shinseki v. Sanders, 129 S. Ct. 1696 (2009) (burden of showing that an error is harmful or prejudicial falls on party attacking agency decision); Mayfield v. Nicholson, 444 F.3d 1328 (Fed. Cir. 2006). The Board considers it significant that the subsequent statements made by the Veteran and his representative suggest actual knowledge of the elements necessary to substantiate the claim. Dalton v. Nicholson, 21 Vet. App. 23 (2007) (actual knowledge is established by statements or actions by claimant or representative that demonstrate an awareness of what is necessary to substantiate a claim). 

Thus, VA has satisfied its duty to notify the appellant and had satisfied that duty prior to the adjudication in the most recent March 2014 supplemental statement of the case. Overton v. Nicholson, 20 Vet. App. 427 (2006) (Veteran afforded a meaningful opportunity to participate effectively in adjudication of claim, and therefore notice error was harmless). 

The Board also finds that the duty to assist requirements have been fulfilled. All relevant, identified, and available evidence has been obtained, and VA has notified the appellant of any evidence that could not be obtained. The appellant has not referred to any additional, unobtained, relevant, available evidence. VA has obtained examinations with respect to the claim on appeal in December 2008 and February 2014. Thus, the Board finds that VA has satisfied the duty to assist. No further notice or assistance is required to fulfill VA's duty to assist in development. Smith v. Gober, 14 Vet. App. 227 (2000); Dela Cruz v. Principi, 15 Vet. App. 143 (2001); Quartuccio v. Principi, 16 Vet. App. 183 (2002).

Service connection may be granted for disability resulting from disease or injury incurred in or aggravated during service. 38 U.S.C.A. § 1110 (West 2002); 38 C.F.R. § 3.303 (2013). That determination requires a finding of current disability that is related to an injury or disease in service. Watson v. Brown, 4 Vet. App. 309 (1993); Rabideau v. Derwinski, 2 Vet. App. 141 (1992). Service connection may be granted for a disability diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disability is due to disease or injury that was incurred or aggravated in service. 38 C.F.R. § 3.303(d) (2013). 

The Veteran contends that his left wrist disability is related to service. Specifically, he asserts that during service he was on an armored support vehicle, and slipped off the vehicle and landed on his wrists while wearing full combat equipment. The Veteran, who has indicated that he is a chiropractor, has testified that the he knew he sustained some sort of ligament or tendon injury.

A service medical record dated "Feb 19" showed that the Veteran was treated for complaints of a left wrist sprain that occurred one month prior. The Veteran reported weakness and ligament laxity.

At a June 2007 report of medical assessment, the Veteran reported a possible broken scaphoid bone in the hand with x-rays being negative. 

A June 2007 post-deployment assessment shows that the Veteran reported having swollen, stiff, or painful joints and muscle aches during deployment.

A December 2008 VA joint examination shows that the Veteran reported that he sustained a fall in December 2006 catching himself with his hands causing his wrists to bend back. He reported pain in both wrists and sought medical attention as he felt there may have been a fracture. X rays did not show any fractures. He was diagnosed with wrist sprains. During the VA examination, the Veteran did not report any symptoms with the wrist and denied swelling, weakness, limited motion or pain. X rays showed no bone or joint abnormities. The VA examiner diagnosed status post bilateral wrist sprain and opined that while there was documentation of a left wrist sprain in service, at the time of the examination there was no subjective or objective findings of an ongoing left wrist condition. 

A February 2009 buddy statement by a fellow service member shows that the he was with the Veteran when he fell off a vehicle and landed on both wrists with all of the weight of his "IBA" and ammunition on his back. He reported that for the next couple weeks the Veteran had trouble holding onto things and even stated that he thought he had a broken bone in his wrist.

An April 2011 VA treatment record shows that the Veteran reported chronic tendinitis that manifested by discomfort and stiffness of both wrist. The Veteran described the symptoms as waxing and waning, that became worst with certain activities. Examination of the Veteran's wrist showed no abnormalities and no discomfort was reported on the examinations. No redness, swelling, or synovitis was revealed. The Veteran was found to have a decent range of motion of the wrist, without problems.

A July 2011 VA treatment note reports that the Veteran was informed that labs from a previous visit were reviewed and showed a normal left wrist, a normal right wrist, and mild degenerative changes with spurring associated with the coronoid process of the ulna. The X-rays were evaluated as normal.

A February 2013 private occupational therapy report shows that the Veteran complained of pain in the joints involving the forearm. The Veteran reported that seven years prior he had falling off a military vehicle carrying 50 pounds of gear on his back and caught himself on both wrists. The Veteran reported that x-rays indicated no fracture and the he kept his wrist taped for six to eight weeks. He reported having wrist pain that radiated up the arms since the incident. Intervention comments noted that assessments performed on the Veteran demonstrated symptoms of generalized tendonitis and nerve compression of the bilateral upper extremities with great discomfort at the dorsal wrist, forearms, and lateral epicondyles. No etiological opinion was provided.

A February 2014 VA wrist examination report shows that the Veteran was found to have no left wrist disability. Range of motion testing showed objective evidence of painful motion beginning at 60 degrees. With regard to functional loss, functional impairment, and additional limitation of range of motion after repetitive use, pain on movement was noted in both wrists. No pain was noted on palpation of the joints or soft tissue of both wrists. MRI of the left wrist showed no abnormalities. The scapholunate, lunotriquetral, and the triangular fibrocartilage complex were normal bilaterally. The flexor and extensor tendons of the wrist were normal and there was not current evidence of tendinopathy or tenosynovitis. No degenerative or wrist ganglions were noted. The VA examiner reported that the there was no diagnosis for a left wrist condition and although there was reported pain, there were no pathological findings. Physical examination showed a normal range of motion and normal MRI imaging. 

The VA examiner opined that the left wrist condition was less likely as not related to active service. The examiner's rationale consisted of the December 2008 VA examination that showed the Veteran reported no symptoms of a wrist condition and denied swelling, weakness, and limited range of motion or pain. Also noted by the VA examiner was that the Veteran had a noted left wrist injury in service, but during examination no objective or subjective findings of a left wrist disability were shown and there was a normal left wrist MRI. 

The Board finds that the preponderance of the evidence is against the claim for entitlement to service connection for a left wrist disability. 

The existence of a current disability is the cornerstone of a claim for VA disability compensation. In the absence of a showing of a current disability, service connection cannot be granted. Degmetich v. Brown, 104 F. 3d 1328 (1997); Brammer v. Derwinski, 3 Vet. App. 223 (1992); Rabideau v. Derwinski, 2 Vet. App. 141 (1992).

It is the Board's duty to assess the credibility and probative value of evidence. Hayes v. Brown, 5 Vet. App. 60 (1993); Wood v. Derwinski, 1 Vet. App. 190 (1992). Moreover, providing that it offers an adequate statement of reasons or bases, the Board may favor one medical opinion over another. Owens v. Brown, 7 Vet. App. 429 (1995). With any piece of evidence, the credibility and weight to be assigned to the opinions are within the province of the Boards as adjudicators. Guerrieri v. Brown, 4 Vet. App. 467 (1993).

The Board notes that there is conflicting evidence of whether the Veteran has a current left wrist disability. First, the Board notes that the Veteran, who has identified himself as a chiropractor, is credible and competent to identify musculoskeletal disabilities. In the Veteran's May 2012 substantive appeal, he stated that he had a bilateral wrist disability but did not specifically identify what type of condition he had, though he later suggested a possible tendonitis. The competent and credible medical evidence of a left wrist disability is the February 2013 private occupational therapy note that reports that the assessment of the Veteran's wrist would demonstrate symptoms of generalized tendonitis and nerve compression of the bilateral upper extremities, with greatest discomfort at the dorsal wrists, forearms, and lateral epicondyles. 

The evidence against the Veteran's contention that he has a left wrist disability are the December 2008 VA examination report that shows that no left wrist disability was revealed after physical examination and X-ray imagining. Also during the examination the Veteran did not report any limited range of motion, swelling, or pain. Additionally, a July 2011 VA treatment note also reported that x-rays showed a normal left wrist with no abnormalities. Finally, the most recent competent medical evidence of record that consists of the February 2014 VA examination report found no left wrist condition. The VA examiner noted that while the Veteran reported pain, no left wrist condition was shown by physical examination or MRI of the left wrist.

The Board finds that the December 2008 VA examination report, the July 2011 VA treatment record, and the February 2014 VA examination report are of more probative value then the Veteran's self-diagnosis of a left wrist condition and the February 2013 private occupational therapist diagnosis of generalized tendonitis. The Board assigns more probative value to the VA medical evidence as that evidence not only is supported by physical examination of the Veteran's left wrist, but also an MRI and x-rays that showed no left wrist disability, and specifically no indications of tendonitis. While the Veteran's private occupational therapist diagnosed generalized tendonitis, no x-ray or MRI imaging was conducted. Moreover, at three different periods in December 2008, July 2011, and February 2014, VA medical personnel specifically found no left wrist disability was present.

While the Board acknowledges that the Veteran has reported and been evaluated with pain affecting his left wrist, pain alone, without a diagnosed or identifiable underlying malady or condition, does not in and of itself constitute a disability for which service connection may be granted. Sanchez-Benitez v. West, 13 Vet. App. 282 (1999). Therefore, the Board finds that it is more likely that a current left wrist disability is not present. The preponderance of the evidence of record supports a finding that a current left wrist disability is not present.

Therefore, service connection a left wrist disability must be denied. As the preponderance of the evidence is against the claim for service connection for a left wrist disability, the claim must be denied. 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990).

ORDER

Entitlement to service connection for left wrist disability is denied.


REMAND

The law provides that VA disability compensation is warranted for a disability which is proximately due to or the result of a service-connected disease or injury. Additionally, when aggravation of a nonservice-connected disability is proximately due to or the result of a service-connected condition, the Veteran shall be compensated for the degree of disability over and above the degree of disability existing prior to the aggravation. Allen v. Brown, 7 Vet. App. 439 (1995); 38 C.F.R. § 3.310 (2013).

With regard to the claim of entitlement to service connection for a right elbow disability, in a secondary service-connected claim, a medical opinion that a disability is not the result of or due to an already service-connected disability does not address the issue of aggravation. El-Amin v. Shinseki, 26 Vet. App. 136 (2013).

In the February 2014 VA examination, the examiner found that the Veteran had a current right elbow disability, right lateral epicondylitis, and that disability was not due to or aggravated by service. After the VA examination was conducted the Veteran was granted service connection for a right wrist disability and right wrist sensory neuropathy. As the VA examiner was unable to make reference to any of the subsequent service connected disabilities, a new examination is needed to determine if these service connected disabilities may have caused or aggravated the service-connected right elbow epicondylitis. McLendon v. Nicholson, 20 Vet. App. 79 (2006); El-Amin v. Shinseki, 26 Vet. App. 136 (2013); 38 U.S.C.A. § 5103A(d) (West 2002); 38 C.F.R. § 3.159(c)(4) (2013).

Accordingly, the case is REMANDED for the following action:

1. Schedule the Veteran for a VA examination to determine the etiology of any right elbow disability. The examiner must review the claims file and note that review in the report. All appropriate tests or studies should be accomplished, and all clinical findings should be reported in detail. The examiner must specifically acknowledge and consider the lay evidence of the Veteran regarding current symptoms. If the examiner rejects the Veteran's reports, the examiner should provide a reason for doing so. The examiner should include a detailed rationale for all opinions provided. The examiner is requested to set forth all manifestations of any right elbow disability and provide a medical opinion on the following:

(a) Is it is at least as likely as not (50 percent probability or greater) that any right elbow disability is due to an incident or accident during active service?

(b) Is it is at least as likely as not (50 percent probability or greater) that any right elbow disability is proximately due to the service-connected right wrist disabilities?

(c) Is it is as least as likely as not (50 percent probability or greater) that any right elbow disability has been aggravated (increased in severity beyond the natural progress of the disorder) by the service-connected right wrist disabilities?
 
2. Then, readjudicate the claim. If the decision remains adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



______________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs